UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-cv-21691

JONATHAN E. PERLMAN,
Court-Appointed Receiver in *Federal Trade Commission and State of Florida v. 321 Loans, Jeremy Marcus, et al.*, Case No. 17-60907-CIV-MORENO,

      Plaintiff,

v.

HOWARD M. BABCOCK,

      Defendant.

_____/

## COMPLAINT

Jonathan E. Perlman, the court-appointed Receiver ("Receiver") of the Receivership Entities,[1] sues Howard M. Babcock ("Babcock" or the "Defendant") and alleges:

## PARTIES, JURISDICTION AND VENUE

1.    The Receiver was appointed permanent Receiver of the Receivership Entities by

---

[1] Receivership Entities are Financial Freedom National, Inc. f/k/a Institute for Financial Freedom, Inc. and Marine Career Institute Sea Frontiers, Inc. d/b/a 321 Loans, Instahelp America, Inc., Helping America Group, United Financial Support, Breeze Financial Solutions, 321Financial Education, Credit Health Plan, Credit Specialists of America, American Advocacy Alliance, and Associated Administrative Services, 321Loans, Inc., f/k/a 321 Loans, Inc. d/b/a 321Financial, Inc., Instahelp America, Inc. f/k/a Helping America Team, Inc. d/b/a Helping America Group, Breeze Financial Solutions, Inc. d/b/a Credit Health Plan and Credit Maximizing Program, US Legal Club, LLC, Active Debt Solutions, LLC f/k/a Active Debt Solutions, Inc. d/b/a Guardian Legal Center, Guardian LG, LLC d/b/a Guardian Legal Group, American Credit Security, LLC f/k/a America Credit Shield, LLC, Paralegal Support Group LLC f/k/a Paralegal Support LLC, Associated Administrative Services, LLC d/b/a Jobfax, Cockburn & Associate LLC, JLMJP Pompano, LLC, Halfpay International, LLC, Halfpay NV, LLC, HP Properties Group, Inc., HP Media, Inc., Omni Management Partners, LLC, Nantucket Cove of Illinois, LLC, Discount Marketing USA, S.A., Viking Management Services, LLC, White Light Media LLC, Blue42, LLC, National Arms, LLC, and 110 Glouchester St., LLC, and their divisions, subsidiaries, affiliates, predecessors, successors, and assigns.

1

the United States District Court for the Southern District of Florida in an Order dated May 17, 2017 (the "Receivership Order") in the action styled *Federal Trade Commission, et al. v. Jeremy Lee Marcus, et al.*, Case No. 17-60907-CIV-MORENO (the "Enforcement Case"). The Receiver is a citizen of Florida.

2. The Receivership Order authorizes and directs the Receiver to "institute…such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership [Entities] or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under [the] Order."

3. Babcock is an individual who resides in Boca Raton, Florida.

4. This Court has jurisdiction over the Defendant under 28 U.S.C. §§754 and 1692 and has subject matter jurisdiction over this matter under 28 U.S.C. §§754, 1367 and 1692. Venue is proper in this Court.

## FACTS COMMON TO ALL COUNTS

5. On May 8, 2017, the Federal Trade Commission ("FTC") and the Office of the Attorney General, State of Florida, Department of Legal Affairs ("State of Florida") filed the Enforcement Case, alleging that Jeremy Lee Marcus ("Marcus") and others engaged in a scheme to bilk consumers of millions of dollars through phony loans and debt-relief services in violation of state and federal law.

6. On May 17, 2017, the judge in the Enforcement Case entered a temporary restraining order appointing the Receiver as Temporary Receiver over eleven originally-named Receivership Entities (the "Receivership Defendants").After an evidentiary hearing, the judge in the Enforcement Case found that the FTC and State of Florida had established a substantial likelihood of success on the merits and, on May 17, 2017, appointed the Receiver as permanent

Receiver over the Receivership Defendants and "their affiliates, subsidiaries, divisions, or sales or customer service operations, wherever located, with the full power of an equity receiver."

7. Upon being appointed, the Receiver, through his professionals, conducted an investigation of the Receivership Defendants' businesses and affairs. He secured the Receivership Defendants' physical offices and information systems (e-mail, file storage, telephone, and accounting), interviewed and deposed Marcus, interviewed dozens of the Receivership Defendants' employees, vendors, and outside professionals, and conducted a forensic accounting of the Receivership Defendants' businesses and assets.

8. The Receiver's investigation confirmed that material allegations of the FTC and State of Florida against Marcus and his cohorts were correct.

9. The judge presiding over the Enforcement Case entered orders on July 31, 2017, March 16, 2018, and August 24, 2018, expanding the Receivership Order to include all of the Receivership Entities.

10. On April 23, 2018, the Court in the Enforcement Case entered an order for permanent injunction and monetary judgment against Marcus (the "Permanent Injunction").The Permanent Injunction affirmed and continued the receivership with Plaintiff continuing to act as Receiver over Halfpay International, LLC, a Delaware Limited Liability Company ("Halfpay") with the power to prosecute all claims belonging to Halfpay and collect all assets owned by Halfpay.

11. Plaintiff is entitled to recover his reasonable attorneys' fees and costs under the promissory note at issue.

## COUNT I
## PAYMENT OF PROMISSORY NOTE

12. The Receiver re-alleges paragraphs 1 through 11, above, as though fully set forth

herein.

13. This is an action involving collection of an unpaid promissory note.

14. On or about June 28, 2016, Babcock executed and delivered to Halfpay, or any subsequent holder of the Note, a promissory note in the initial principal amount of $100,000.00 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

15. The Note funded based on the following schedule: $34,000.00 upon execution of the Note; $33,000.00 on August 1, 2016; and $33,000.00 on September 1, 2016.

16. Consistent with the Permanent Injunction and the terms of the Note, Plaintiff is the owner and holder of the Note.

17. The Note matured by its terms and became fully due and payable on June 1, 2017 pursuant to the balloon payment due on that date.

18. Babcock failed to pay the Note as required by the terms thereof, but made a number of payments after the Note matured.

19. Pursuant to the terms of the Note, in the event Babcock fails to pay any sum due, all sums due under the Note become immediately due and payable.

20. As of April 5, 2021, the present outstanding balance on the Note is $187,735.05. Attached hereto as **Exhibit B** is a chart detailing the amounts due under the Note.

21. Plaintiff has satisfied all conditions precedent to this action.

22. Plaintiff has retained the undersigned law firm to represent him in this action and is obligated to pay them a reasonable fee for their services. Plaintiff demands judgment for his attorneys' fees and costs from Defendant.

WHEREFORE, the Receiver demands judgment against Babcock for damages, pre-judgment interest, costs, reasonable attorneys' fees, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II
## UNJUST ENRICHMENT

23. The Receiver re-alleges paragraphs 1 through 11, above, as though fully set forth herein.

24. This is an action involving unjust enrichment.

25. On or about June 28, 2016, Halfpay agreed to lend and Babcock agreed to receive the initial principal amount of $100,000.00, plus interest accruing at the rate of 12 percent per annum, with a default rate of interest at 18% (the "Obligation").

26. The Permanent Injunction appointed Plaintiff as Receiver over Halfpay; therefore, Plaintiff, in his capacity as Receiver, has the authority to collect on the Obligation owed herein by Babcock.

27. Halfpay loaned $34,000.00 Babcock on June 28, 2016; $33,000.00 on August 1, 2016; and $33,000.00 on September 1, 2016.

28. As of April 5, 2021, the present outstanding balance owed by Babcock is $187,735.05. Attached as **Exhibit B** is a chart detailing the amounts due.

29. The Receiver, by virtue of Halfpay, conferred a benefit on Defendant, i.e. the Obligation.

30. Babcock has knowledge of the benefit and the terms thereof.

31. Babcock voluntarily accepted the benefit of the Obligation and retains the benefit conferred.

32. The Obligation was fully due and payable on June 1, 2017. The Obligation has not

been repaid to date.

33. The circumstances render Babcock's retention of the benefit conveyed by the Note inequitable unless Babcock pays to the Receiver the Obligation.

WHEREFORE, the Receiver demands judgment against Babcock for damages, pre-judgment interest, costs, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT III
## MONEY LENT

34. The Receiver re-alleges paragraphs 1 through 11, above, as though fully set forth herein.

35. This is an action for the recovery of money lent.

36. On or about June 28, 2016, Halfpay agreed to lend and Babcock agreed to receive the initial principal amount of $100,000.00, plus interest accruing at the rate of 12 percent per annum, with a default rate of interest at 18% (the "Obligation").

37. Halfpay loaned $34,000.00 Babcock on June 28, 2016; $33,000.00 on August 1, 2016; and $33,000.00 on September 1, 2016.

38. As of April 5, 2021, the present outstanding balance owed by Babcock is $187,735.05. Attached as **Exhibit B** is a chart detailing the amounts due.

39. The Permanent Injunction appointed Plaintiff as Receiver over Halfpay; therefore, Plaintiff, in his capacity as Receiver, has the authority to collect on the Obligation owed herein by Babcock.

40. The Obligation was fully due and payable on June 1, 2017. The Obligation has not been repaid to date.

WHEREFORE, the Receiver demands judgment against Babcock for damages, pre-judgment interest, costs, and for such other and further legal and equitable relief as the Court deems just and proper.

DATED: May 3, 2021.

                                        GENOVESE JOBLOVE & BATTISTA, P.A.
*Attorneys for Jonathan E. Perlman, Receiver*
100 Southeast 2nd Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By: */s/ Eric D. Jacobs*
    Eric D. Jacobs, Esq., FBN 85992
    ejacobs@gjb-law.com
    Gregory M. Garno, Esq., FBN 87505
    ggarno@gjb-law.com