**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21691-BLOOM/Goodman**

JONATHAN E. PERLMAN,
Court-Appointed Receiver in
*Federal Trade Commission and State of Florida v. 321 Loans, Jeremy Marcus, et al.*, Case No. 17-60907-CIV-MORENO,

Plaintiff,

v.

HOWARD M. BABCOCK,

Defendant.
_______________________________/

**ORDER ON PLAINTIFF'S AMENDED MOTION FOR FINAL DEFAULT JUDGMENT**

**THIS CAUSE** is before the Court upon Plaintiff's Amended Motion for Final Default Judgment, ECF No. [15] ("Motion"), against Defendant Howard M. Babcock. The Court has considered the Motion, the record in this case, the applicable law, and is otherwise fully advised.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [15]**, is **GRANTED**.

## BACKGROUND

### A. The Receivership and Enforcement Case

The Receiver was appointed permanent Receiver of the Receivership Entities[1] by the

[1] Receivership Entities are Financial Freedom National, Inc. f/k/a Institute for Financial Freedom, Inc. and Marine Career Institute Sea Frontiers, Inc. d/b/a 321 Loans, Instahelp America, Inc., Helping America Group, United Financial Support, Breeze Financial Solutions, 321Financial Education, Credit Health Plan, Credit Specialists of America, American Advocacy Alliance, and Associated Administrative Services, 321Loans, Inc., f/k/a 321 Loans, Inc. d/b/a 321Financial, Inc., Instahelp America, Inc. f/k/a Helping America Team, Inc. d/b/a Helping America Group, Breeze Financial Solutions, Inc. d/b/a Credit Health Plan and Credit Maximizing Program, US Legal Club, LLC, Active Debt Solutions, LLC f/k/a Active Debt

United States District Court for the Southern District of Florida in an Order dated May 17, 2017 (the "Receivership Order") in the action styled *Federal Trade Commission, et al. v. Jeremy Lee Marcus, et al.*, Case No. 17-60907-CIV-MORENO (the "Enforcement Case"). ECF No. [1] ¶ 1. The Receivership Order authorizes and directs the Receiver to "institute…such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership [Entities] or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under [the] Order." ECF No. [1] ¶ 2.

On May 8, 2017, the Federal Trade Commission ("FTC") and the Office of the Attorney General, State of Florida, Department of Legal Affairs ("State of Florida") filed the Enforcement Case, alleging that Jeremy Lee Marcus ("Marcus") and others engaged in a scheme to bilk consumers of millions of dollars through phony loans and debt-relief services in violation of state and federal law. ECF No. [1] ¶ 5. On May 17, 2017, the judge in the Enforcement Case entered a temporary restraining order appointing the Receiver as Temporary Receiver over eleven originally-named Receivership Entities (the "Receivership Defendants"). After an evidentiary hearing, the judge in the Enforcement Case found that the FTC and State of Florida had established a substantial likelihood of success on the merits and, on May 17, 2017, appointed the Receiver as permanent Receiver over the Receivership Defendants and "their affiliates, subsidiaries, divisions, or sales or customer service operations, wherever located, with the full power of an equity receiver." ECF No. [1] ¶ 6. Upon being appointed, the Receiver, through his professionals,

---

Solutions, Inc. d/b/a Guardian Legal Center, Guardian LG, LLC d/b/a Guardian Legal Group, American Credit Security, LLC f/k/a America Credit Shield, LLC, Paralegal Support Group LLC f/k/a Paralegal Support LLC, Associated Administrative Services, LLC d/b/a Jobfax, Cockburn & Associate LLC, JLMJP Pompano, LLC, Halfpay International, LLC, Halfpay NV, LLC, HP Properties Group, Inc., HP Media, Inc., Omni Management Partners, LLC, Nantucket Cove of Illinois, LLC, Discount Marketing USA, S.A., Viking Management Services, LLC, White Light Media LLC, Blue42, LLC, National Arms, LLC, and 110 Glouchester St., LLC, and their divisions, subsidiaries, affiliates, predecessors, successors, and assigns.

conducted an investigation of the Receivership Defendants' businesses and affairs. He secured the Receivership Defendants' physical offices and information systems (e-mail, file storage, telephone, and accounting), interviewed and deposed Marcus, interviewed dozens of the Receivership Defendants' employees, vendors, and outside professionals, and conducted a forensic accounting of the Receivership Defendants' businesses and assets. The Receiver's investigation confirmed that material allegations of the FTC and State of Florida against Marcus and his cohorts were correct. ECF No. [1] ¶¶ 7-8.

The judge presiding over the Enforcement Case entered orders on July 31, 2017, March 16, 2018, and August 24, 2018, expanding the Receivership Order to include all of the Receivership Entities. ECF No. [1] ¶ 9. On April 23, 2018, the Court in the Enforcement Case entered an order for permanent injunction and monetary judgment against Marcus (the "Permanent Injunction").The Permanent Injunction affirmed and continued the receivership with Plaintiff continuing to act as Receiver over Halfpay International, LLC, a Delaware Limited Liability Company ("Halfpay") with the power to prosecute all claims belonging to Halfpay and collect all assets owned by Halfpay. ECF No. [1] ¶ 10.

**B. The Promissory Note**

On or about June 28, 2016, Babcock executed and delivered to Halfpay, or any subsequent holder of the Note, a promissory note in the initial principal amount of $100,000.00 (the "Note"). ECF No. [1] ¶ 14; Ex. A. The Note is accruing interest at the rate of 12 percent per annum, with a default rate of interest at 18% (the "Obligation"). *Id.* The Note funded based on the following schedule: $34,000.00 upon execution of the Note; $33,000.00 on August 1, 2016; and $33,000.00 on September 1, 2016. ECF No. [1] ¶ 15. The Note matured by its terms and became fully due and payable on June 1, 2017 pursuant to the balloon payment due on that date. ECF No. [1] ¶ 17.

Defendant failed to pay the Note as required by the terms thereof but made a number of payments after the Note matured. Pursuant to the terms of the Note, in the event Babcock fails to pay any sum due, all sums due under the Note become immediately due and payable. ECF No. [1] ¶¶ 18-19]. Consistent with the Permanent Injunction and the terms of the Note, Plaintiff is the owner and holder of the Note, and has the authority to collect on the Obligation owed by Defendant. ECF No. [1] ¶¶ 16, 26, 39. As set forth in the Complaint, as of April 5, 2021, the present outstanding balance on the Note is $187,735.05. ECF No. [1] ¶¶ 20, 28, 38.

Defendant agreed to receive the Obligation. The Receiver, by virtue of Halfpay, conferred a benefit on Defendant (i.e. the Obligation). ECF No. [1] ¶ 29. Defendant had knowledge of the benefit and the terms thereof. ECF No. [1] ¶ 30. Defendant voluntarily accepted the benefit of the Obligation and retains the benefit conferred. ECF No. [1] ¶ 31. The circumstances render Defendant's retention of the benefit conveyed by the Note inequitable unless Defendant pays to the Receiver the Obligation. ECF No. [1] ¶ 33. The Obligation was fully due and payable on June 1, 2017, and has not been repaid to date. ECF No. [1] ¶¶ 17, 32, 40.

**LEGAL STANDARD**

A party may apply to the Court for a default judgment when the defendant fails to timely respond to a pleading. Fed. R. Civ. P. 55(b)(2). "By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint." *Garcia v. Client Resolution Management, LLC*, No. 20-cv-20713, 2020 WL 2732345 at *1 (S.D. Fla. May 26, 2020) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.")). However, conclusions of law are to be determined by the Court. *See U.S. for Use & Benefit of*

*Phoenix Metals Co. v. Worthfab, LLC*, No. 2:20-cv-148, 2020 WL 6438465 at *1 (M.D. Fla. Oct. 15, 2020) (granting plaintiff's motion for final default judgment on breach of contract claim). A court may only enter a default judgment if there is a "sufficient basis to state a claim." *Id.*

Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (citation omitted); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 499 F. App'x 908, 911 (11th Cir. 2011) (plaintiff's evidence in support of its contract damages was sufficient to effectuate judgment without need for evidentiary hearing). Although an evidentiary hearing is generally required, the Court need not conduct such a hearing "when . . . additional evidence would be truly unnecessary to a fully informed determination of damages." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746 (11th Cir. 2017); *see also Molina v. SMI Security Mgmt, Inc.*, No. 11-cv-24245, 2013 WL 12092072, at *5 (S.D. Fla. July 15, 2013) (citing *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985)) ("A court need not conduct an evidentiary hearing to determine the amount of damages as long as the record contains evidence allowing the court to ascertain damages from mathematical calculations and detailed affidavits." (internal quotations omitted)). Therefore, where the record adequately supports the award of damages, an evidentiary hearing is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also PetMed Express*, 336 F. Supp. 2d at 1217, 1223 (finding an evidentiary hearing unnecessary); *Tara Productions*, 449 F. App'x at 912 (same); *Luxottica Group S.p.A. v. Casa Los Martnez Corp.*, No. 14-cv-22859, 2014 WL 4948632, at *2 (S.D. Fla. Oct. 2, 2014) (same).

## ANALYSIS

Defendant's failure to respond to the Complaint after due and legal service was had upon Defendant constitutes an admission of the allegations as set forth therein. *See Eagle Hosp. Physicians*, 561 F.3d at 1307. Plaintiff's Complaint, ECF No. [1], Clerk's Default, ECF No. [7], and Plaintiff's Motion for Entry of Final Default Judgment, along with the corresponding exhibits and filings on record, all state a sufficient basis for Defendant's liability. *Smyth*, 420 F. 3d at 1232. Defendant thwarted his contractual obligations and breached the terms of the Note by failing to make the required payments as they became due and payable pursuant to the balloon payment on June 1, 2017. ECF No. [1] ¶¶ 17-18, 32, 40.

Defendant caused further damage to Plaintiff by voluntarily accepting the benefit of the Note, retaining the benefit conferred, and rendering the conveyance inequitable unless Defendant pays to the Receiver the Obligation. The record adequately supports the award of damages to Plaintiff for a liquidated sum, which includes attorney's fees and costs. ECF No. [1] ¶ 22; Ex. A.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Amended Motion for Final Default Judgment, **ECF No. [15]**, is **GRANTED**. Plaintiff shall recover as its final judgment against Defendant $193,016.70, plus attorney's fees in the amount of $7,636.00, and costs in the amount of $461.00, for a total judgment of **$201,113.70**, and post-judgment interest shall accrue at the current legal rate allowed under 28 U.S.C. § 1961 as of the date of the Final Default Judgment, for which let execution issue forthwith. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the Court will enter a final judgment by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 21, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Howard M. Babcock
17578 Middlebrook Way
Boca Raton, FL 33496